[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Date of Sentence September 24, 1997 Date of Application September 24, 1997 Date Application Filed September 24, 1997 Date of Decision March 26, 2002
Application for review of sentence imposed by the Superior Court, G.A. 17, at Bristol.
Docket No. CR 96-0094467
Robert McKay Defense Counsel, for Petitioner
Stephen Preleski Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION
Following a trial by jury, the petitioner was convicted of sale of cocaine in violation of Connecticut General Statutes § 21a-277 (a), and sentenced to a term of twelve years.
The factual basis for the conviction, reported in State v. Hicks,56 Conn. App. 384, 385-386, (2000), is as follows:
CT Page 5001 On the evening of December 12, 1995, the Connecticut state police statewide narcotics task force coordinated a plan with the Bristol police department to purchase crack cocaine from the defendant. Detective Matthew Barnwell of the task force telephoned the defendant at a number listed in the defendant's name. A male whose voice Barnwell did not recognize answered the telephone. Barnwell asked if he could purchase crack cocaine and was told, "No problem, come on by." Barnwell drove to the defendant's residence and wore a body wire so that officers assisting him could hear Barnwell.
 Barnwell knocked on the door, and a Hispanic female let him into the apartment. Inside, Barnwell observed the defendant sitting on a couch using a telephone. Barnwell acknowledged the defendant, who responded, "Huh," and made a hand signal. The defendant motioned to the female, who then went to a coffee table in front of the defendant, opened the table's doors and removed a plastic bag containing small plastic bags with a white, rock-like substance inside. The female then handed the bag to the defendant. The defendant, in turn, removed two of the smaller bags containing the white, rock-like substance and gave them to Barnwell. Barnwell then paid the defendant $100. Officers at the scene field tested the substance, which showed a positive result for the presence of cocaine.
The petitioner has a lengthy criminal record including eight felony convictions and ten misdemeanors. The more significant convictions include attempted burglary in 1986 with a fifteen month sentence, burglary in 1988 with a three year sentence, conspiracy to commit robbery, 2nd degree in 1988 with an eighteen month sentence, possession of narcotics in 1989 with a three year sentence, assault on a victim over sixty years of age in 1989 with a five year sentence, larceny 2nd
degree and violation of probation in 1989 with a sentence of nine years, execution suspended after five years, and sale of narcotics in 1990 with a five year sentence.
While several of the foregoing sentences were concurrent he nonetheless has a history of repeated criminal and anti-social behavior.
Reviewing this sentence pursuant to the provisions of § 43-28 of the Practice Book, it is clearly neither inappropriate nor CT Page 5002 disproportionate. It is affirmed.
 /s/___________________ /s/___________________ /s/___________________
Klaczak, Norko and Miano, J's, participated in this decision.